UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JOYCE ANN VANHOOSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:17-cv-84 |
| | ) | |
| FRANCISCAN ALLIANCE, INC., | ) | |
| d/b/a FRANCISCAN ST. ELIZABETH | ) | |
| HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Franciscan Alliance, Inc. d/b/a Franciscan St. Elizabeth Health, more properly named as Franciscan Alliance, Inc. d/b/a Franciscan Health Lafayette East ("Defendant") by counsel, hereby answers the Complaint and Demand for Jury Trial ("Complaint") of Plaintiff Joyce Ann VanHoosier ("Plaintiff") as follows:

## Nature of the Case

1.     This is an action at law and equity for damages and injunctive relief by the Plaintiff against the Defendant for injury to her person and property due to the wrongful acts and omissions by the Defendant.

**ANSWER:** Defendant admits that Plaintiff has filed this action alleging wrongful acts and omissions by Defendant. Defendant denies all such claims and that Plaintiff is entitled to any relief.

2.     The Plaintiff brings this action against the Defendant pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C.§ 12101, *et seq.,* as amended Section 102 of the Civil

Rights Act of 1991, and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et. seq.,* as amended.

**ANSWER:** Defendant admits Plaintiff is bringing this action against Defendant pursuant to the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA). Defendant denies that Plaintiff is entitled to any relief.

## Jurisdiction

3.      At all times relevant to this action, Ms. VanHoosier resided in and worked within the Northern District of Indiana.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 3 of the Complaint and, therefore, denies all allegations.

4.      Franciscan is a corporation that does business within the Northern District of Indiana.

**ANSWER:** Defendant admits the allegations of Paragraph 4 of the Complaint.

## Parties

5.      The Plaintiff, Ms. VanHoosier, is a citizen of the United States of America and resides in Lafayette, Indiana.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 5 of the Complaint and, therefore, denies all allegations.

6.      At all relevant times Ms. VanHoosier was an "employee" within the meaning of the ADA and the FMLA.

**ANSWER:** Defendant admits that Plaintiff was an "employee" within the meaning of the FMLA while employed by Defendant. Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required

to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A).

7. The Defendant, Franciscan is a not for profit domestic corporation authorized and doing business in Indiana.

**ANSWER:** Defendant admits the allegations of Paragraph 7 of the Complaint.

8. The alleged unlawful discriminatory practices occurred in Lafayette, Indiana.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

9. At all relevant times Franciscan was an "employer" within the meaning of the ADA and the FMLA.

**ANSWER:** Defendant admits that it is an "employer" within the meaning of the FMLA. Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A).

10. According to information maintained by the Indiana Secretary of State, the

Registered Agent for Franciscan is Kevin D. Leahy, and the Registered Agent's address is 1515 W. Dragoon Trail, Mishawaka, Indiana 46544-9290.

**ANSWER:** Defendant admits the allegations of Paragraph 10 of the Complaint.

## Administrative Procedures

11.     On or around 8 November 2016, Ms. VanHoosier timely filed her first charge of disability discrimination and retaliation against Franciscan with the Indianapolis District office of the Equal Opportunity Commission (EEOC).

**ANSWER:** Defendant admits Plaintiff filed charge of disability discrimination and retaliation on or around November 8, 2016. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 11 of the Complaint and, therefore, denies those allegations.

12.     On or around 15 May 2017, Ms. VanHoosier timely filed her second charge of disability discrimination and retaliation against Franciscan with the Indianapolis District office of the Equal Opportunity Commission (EEOC).

**ANSWER:** Defendant admits Plaintiff filed her second charge of disability discrimination and retaliation on or around May 15, 2017. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 12 of the Complaint and, therefore, denies those allegations.

13.     On or about July 28 ,2017, the EEOC issued Ms. VanHoosier's first Dismissal and Notice of Rights which was received after July 31, 2017. A copy of the Notice of Rights is attached hereto as Exhibit 1.

**ANSWER:** Defendant admits the EEOC issued Plaintiff's first Dismissal and Notice of Rights on or about July 28, 2017. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 13 of the Complaint and, therefore, denies those allegations.

14.     On or about September 21, 2017, the EEOC issued Ms. VanHoosier's second Dismissal and Notice of Rights which was received after September 25,2017. A copy of the Notice of Rights is attached hereto as Exhibit 2.

**ANSWER:** Defendant admits the EEOC issued Plaintiff's second Dismissal and Notice of Rights on or about September 21, 2017. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 14 of the Complaint and, therefore, denies those allegations.

15.     This civil action is being initiated within ninety (90) days of Ms. VanHoosier's receipt of both of the EEOC Dismissals and Notices of Rights.

**ANSWER:**  Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint and, therefore, denies all allegations.

**Factual Allegations**

16.     Ms. VanHoosier is a white female, age forty-nine ( 49) years old and is subject to and entitled to the protections of the ADA and the FMLA.

**ANSWER:** Defendant admits Plaintiff is a white female and age 49. Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Ms. VanHoosier began her career with Franciscan, which was then known as Lafayette Home Hospital, as a Unit Secretary and Nursing Assistant in October of 1987.

**ANSWER:** Defendant admits the allegations of Paragraph 17 of the Complaint.

18.     After several years Lafayette Home Hospital evolved into or was acquired and became part of Franciscan.

**ANSWER:** Defendant admits the allegations of Paragraph 18 of the Complaint.

19.     Ms. VanHoosier subsequently worked for Franciscan as a Nurse Technologist I, II, and III.

**ANSWER:** Defendant admits the allegations of Paragraph 19 of the Complaint.

20.     While employed at Franciscan, Ms. VanHoosier earned her degree as a Registered Nurse.

**ANSWER:** Defendant admits the allegations of Paragraph 20 of the Complaint.

21.     After Ms. VanHoosier graduated from nursing school, in December of 1990, she transferred to the Mother/Baby Unit, which was then known as Labor and Delivery Unit, in 1991 where she worked as a Registered Nurse.

**ANSWER:** Defendant admits that Plaintiff transferred to the Mother/Baby Unit where she worked as a Registered Nurse.  Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 21 of the Complaint, and therefore denies those allegations.

22.     Ms. VanHoosier was subsequently promoted to the position of Education Coordinator for the Labor and Delivery Satellite Surgery Center at the end of 1998.

**ANSWER:** Defendant admits the allegations of Paragraph 22 of the Complaint.

23.     In 2002, Ms. VanHoosier began work on her Master's Degree in Business

Administration and completed the same in 2004.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Complaint, and therefore denies all allegations.

24.     In 2004, Ms. VanHoosier was promoted to the position of Resource Manager/Informatics in the Perioperative Services.

**ANSWER:** Defendant admits the allegations of Paragraph 24 of the Complaint.

25.     In late 2007, Ms. VanHoosier was promoted to the position of Division Director of Labor and Deliver and Postpartum/Nursery.

**ANSWER:** Defendant admits the allegations of Paragraph 25 of the Complaint.

26.     In August of 2014, Mr. Leahy, the CEO and President of Franciscan, requested that Ms. VanHoosier complete the MBA to MHA (Masters in Healthcare Administration) program upon the recommendation of Lafayette CEO, Mr. Terrence Wilson.

**ANSWER:** Defendant admits the allegations of Paragraph 26 of the Complaint.

27.     Ms. VanHoosier completed her MHA in May of 2015 while she was the Division Director of Labor and Delivery and Postpartum/Nursery.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 27 of the Complaint and, therefore, denies all allegations.

28.     In twenty-nine (29) years of service, Ms. VanHoosier was never written up or received a verbal warning until after she took leave under the FMLA and the ADA to care for her mother and then herself in 2016.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss

is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 28 of the Complaint.

29.     In the fall of 2015, Ms. VanHoosier applied for the position of Clinical Director of Maternal Child Health, her former boss' position, and a position in the Corporate Women's Service Line.

**ANSWER:** Defendant admits the allegations of Paragraph 29 of the Complaint.

30.     Ms. VanHoosier interviewed for both of the above referenced positions.

**ANSWER:** Defendant admits the allegations of Paragraph 30 of the Complaint.

31.     When Ms. VanHoosier interviewed for her boss' vacant position, which had been known as Clinical Director of Maternal Child Health, she was told that the title was going to change and that the position would be at a higher pay scale than it had been previously.

**ANSWER:** Defendant admits the allegations of Paragraph 31 of the Complaint.

32.     Ms. VanHoosier did not get selected for either position and was without a direct full time supervisor from September of 2015 until January of 2016.

**ANSWER:** Defendant admits the allegations of Paragraph 32 of the Complaint.

33.     In January of 2016, Karen Bullard was selected as the Director of Nursing Operations and became Ms. VanHoosier's immediate supervisor.

**ANSWER:** Defendant admits the allegations of Paragraph 33 of the Complaint.

34.     In early January of 2016, Ms. VanHoosier learned that her mother was gravely ill and requested time off to care for her under the Family Medical Leave Act, ("FMLA").

**ANSWER:** Defendant admits Plaintiff requested FMLA leave in early January of 2016. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 34 of the Complaint and, therefore, denies those allegations.

35.     Ms. VanHoosier requested intermittent leave on January 18, 2016, which was granted to care her mother, for the period of February 15, 2016 until January 16, 2017.

**ANSWER:** Defendant admits the allegations of Paragraph 35 of the Complaint.

36.     From January of 2016 until May of 2016, Ms. VanHoosier continued all of her duties as the Director of Maternal Child Health missing as little work as possible and would go in late or leave early whenever possible so as not to interrupt the work day.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 36 of the Complaint and, therefore, denies all allegations.

37.     While caring for her mother and working full time, Ms. VanHoosier experienced her own health issues and problems.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 37 of the Complaint and, therefore, denies all allegations.

38.   As a result of her own serious health conditions and disabilities, Ms. VanHoosier sought leave and accommodations under the FMLA and the ADA for herself.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A).  Defendant admits Plaintiff sought leave under the FMLA for

a serious health condition. Defendant denies the remaining allegations of Paragraph 38 of the Complaint.

39.     Ms. VanHoosier's request for FMLA leave from May 18, 2016 until July 22, 2016 was granted, but her request for Short Term Disability was only granted in part.

**ANSWER:** Defendant admits the allegations of Paragraph 39 of the Complaint.

40.     The process for Ms. VanHoosier to receive leave under the FMLA for herself was markedly different than the process she had engaged in when she sought leave to care for her mother.

**ANSWER:** Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Ms. VanHoosier was repeatedly called and harassed by "Natasha," the individual overseeing her request for FMLA leave.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 41 of the Complaint and, therefore, denies all allegations.

42.     Ms. VanHoosier was required to submit to an "interview" with a nurse case manager after she provided her health care information and forms from her medical doctor and her counselor.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 42 of the Complaint and, therefore, denies all allegations.

43.     Ms. VanHoosier also gave permission for the nurse case manager to speak directly to her medical doctor and her counselor.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 43 of the Complaint and, therefore, denies all allegations.

44.     The nurse case manager subsequently interviewed Ms. VanHoosier's counselor.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 44 of the Complaint and, therefore, denies all allegations.

45.     However, despite Ms. VanHoosier cooperating and providing "Natasha" with all of the information that was requested, Natasha kept calling Ms. VanHoosier and implying that she was not really ill.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 45 of the Complaint and, therefore, denies all allegations.

46.     The calls became so frequent and harassing in nature that they were exacerbating Ms. VanHoosier's illness and symptoms related thereto.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 46 of the Complaint and, therefore, denies all allegations.

47.     As a result of the above, Ms. VanHoosier was forced to file for short term disability leave.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 47 of the Complaint and ,therefore, denies all allegations.

48.     Ms. VanHoosier subsequently spoke to someone that she believed oversaw "Natasha" and asked that the harassing calls cease.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 48 of the Complaint and, therefore, denies all allegations.

49.     In retaliation for engaging in protected activity, Ms. VanHoosier's request for short term disability leave was denied for the four (4) week period ending July 22, 2016.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to

the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 49 of the Complaint.

50. Because her requests for leave and accommodations were denied, Ms. VanHoosier was forced to return to work on July 25, 2016.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations in Paragraph 50 of the Complaint.

51. Upon her return to work, Ms. VanHoosier learned that there had been a number of "incidents" while she was off on leave.

**ANSWER:** Defendant denies the allegations of Paragraph 51 of the Complaint.

52. In a two and a half (2½) hour meeting with Ms. Bullard on July 25, 2016, Ms. VanHoosier was advised that there were "employee issues" that had come up and that she, Ms. Bullard, and Deanna Brown from Human Resources would be "investigating" them.

**ANSWER:** Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Ms. VanHoosier subsequently learned that these "issues" involved employees that she had previously disciplined and/or addressed with Human Resources' knowledge and approval.

**ANSWER:** Defendant denies the allegations of Paragraph 53 of the Complaint.

54.     Ms. VanHoosier also learned on or about July 25, 2016, that Ivy Antonian had been named the Interim Director of Maternal Child Health in her absence.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 54 of the Complaint and, therefore, denies all allegations.

55.     Ms. VanHoosier subsequently learned that Ms. Antonian was being paid more as an Interim Director than Ms. VanHoosier was being paid as a full time Director.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 55 of the Complaint and, therefore, denies all allegations.

56.     Ms. VanHoosier questioned Ms. Bullard about the pay differential between her and Ms. Antonian.

**ANSWER:** Defendant admits the allegations of Paragraph 56 of the Complaint.

57.     Ms. Bullard told Ms. VanHoosier that she, like all of the Directors, was in line to get a pay raise.

**ANSWER:** Defendant admits the allegations of Paragraph 57 of the Complaint.

58.     But in retaliation for having requested leave and accommodations, Ms. VanHoosier- the actual full time Director- was never paid as much as the Interim Director, Ms. Antonian - despite the fact that Ms. Antonian had substantially less experience than Ms. VanHoosier.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim

pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 58 of the Complaint.

59.     On August 10, 2016, Ms. VanHoosier was scheduled to have a meeting with Ms. Bullard, Ms. Brown, Employment Manager- Franciscan Rensselaer, and Ann Shallenberger, Employment Manager, about the employee incidents or issues that occurred under Ms. Antonian's supervision while Ms. VanHoosier was out on leave.

**ANSWER:** Defendant denies the allegations of Paragraph 59 of the Complaint.

60.     During the meeting on August 10, 2016 Ms. VanHoosier was instructed to meet with Ms. Howard, a troubled employee, and to thank her for coming forward with her concerns and to also take more notes that accurately reflected her conversations with her employees.

**ANSWER:** Defendant admits the allegations of Paragraph 60 of the Complaint.

61.     Ms. VanHoosier subsequently met with Ms. Howard in a very cordial meeting and took copious notes as instructed.

**ANSWER:** Defendant denies the allegations of Paragraph 61 of the Complaint.

62.     On August 11, 2016, while Ms. VanHoosier was in her office, Ms. Bullard and Ms. Shallenberger appeared at her door, came in and inquired if Ms. VanHoosier had spoken to Ms. Antonian about her pay raise.

**ANSWER:** Defendant admits that on or about August 11, 2016, Ms. Bullard and Ms. Shallenberger went to Ms. Van Hoosier's office and asked about Ms. VanHoosier's conversation with Ms. Antonian about her pay raise.  Defendant denies any remaining allegations of Paragraph 62 of the Complaint.

63.     Ms. VanHoosier confirmed that she had spoken to Ms. Antonian about the fact

that Ms. Antonian was treating Ms. VanHoosier differently since her return from leave and that she had brought up the fact that Ms. Antonian was receiving more pay as an Interim Director than Ms. VanHoosier had received as a Permanent Director.

**ANSWER:** Defendant admits the allegations of Paragraph 63 of the Complaint.

64.     During the meeting on August 11, 2016, Ms. Bullard and Ms. Shallenberger told Ms. VanHoosier that she had made Ms. Antonian "feel uncomfortable," they then chastised Ms. VanHoosier for discussing the pay difference with Ms. Antoni an and said they were going to continue their "investigation."

**ANSWER:** Defendant admits that during the meeting on or around August 11, 2016, Karen Bullard and Ann Shallenberger told Plaintiff that she made Ms. Antonian feel uncomfortable. Defendant denies the remaining allegations of Paragraph 64 of the Complaint.

65.     On August 12, 2016, Ms. VanHoosier, who has the lowest turnover rate out of any department at the Respondent, was called to Human Resources for a meeting with Ms. Bullard and Ms. Shallenberger wherein Ms. VanHoosier was accused of "intimidating" her employees.

**ANSWER:** Defendant denies the allegations of Paragraph 65 of the Complaint.

66.     Out of an abundance of caution, and in light of the above allegations, Ms. VanHoosier sent an email to Ms. Bullard asking her to attend Ms. VanHoosier' s meetings with two (2) other problem employees to which Ms. VanHoosier received no response.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 66 of the Complaint and, therefore, denies all allegations.

67.     At 5:00 p.m. on August 15, 2016, Ms. VanHoosier was called to a meeting with

Ms. Bullard and Ms. Shallenberger in Human Resources wherein Ms. VanHoosier was told, after approximately twenty nine (29) years of service, several promotions, very good performance reviews and having never been written up, that she was being placed on a "final written warning pending termination" for "intimidating and retaliating against staff."

**ANSWER:** Defendant denies the allegations of Paragraph 67 of the Complaint.

68.     The pre-textual subjective "reasons" given by the Defendant for placing Ms. VanHoosier on a "final written warning" were that she had "intimidated" her staff with her "tone, facial expressions, posture and other non-verbals."

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 68 of the Complaint.

69.     During the meeting on August 15, 2016 Ms. Bullard and Ms. Shallenberger ordered Ms. VanHoosier never to stand with her hands on hips ever again despite the fact that she has back problems that make it painful and difficult for her to stand at times.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 69 of the Complaint.

70. In retaliation for requesting reasonable accommodations and taking medical leave, Franciscan placed Ms. VanHoosier, an employee with no write ups or suspensions, on a "final written warning vs. suspension."

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 70 of the Complaint.

71. In addition to the above, Franciscan discriminated against and retaliated against Ms. VanHoosier for requesting leave and reasonable accommodations, by holding her accountable for Ms. Antonian's actions and inability to manage rather than Ms. Antonian.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 71 of the Complaint.

72. Moreover, Franciscan discriminated against and retaliated against Ms. VanHoosier by refusing to pay Ms. VanHoosier, the full time Director of her Department, as much as it paid Ms. Antonian, the Interim Director, who had not taken medical leave, FMLA leave and/or requested reasonable accommodations.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 72 of the Complaint.

73.     In addition to having the lowest employee turnover rate of any Department in the hospital, Ms. VanHoosier' s unit had the highest patient satisfaction ratings in the hospital, and her unit was ranked in the mid-90th percentile of the entire Press-Ganey national data base.

**ANSWER:** Defendant denies the allegations of Paragraph 73 of the Complaint.

74.     At all times relevant hereto, Ms. VanHoosier has been a loyal and hardworking employee that met Franciscan's "legitimate" employment expectations in spite of its discrimination and retaliation.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 74 of the Complaint.

75.     Ms. VanHoosier complained to Human Resources and Ms. Bullard that she had been treated worse and differently because of her disability and requests for reasonable accommodations on July 26, 2016, August 14, 2016, August 22, 2016, and November 1, 2016.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 75 of the Complaint.

76. Despite Ms. VanHoosier's complaints of discrimination and retaliation, Franciscan refused to investigate her complaints and took no appropriate remedial or corrective action.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 76 of the Complaint.

77. On November 1, 2016, prior to signing her EEOC Charge of Discrimination and Retaliation with the EEOC, Ms. VanHoosier met with her immediate supervisor, Karen Bullard and asked to step down from her position as Director of Labor and Delivery and Postpartum/Nursery and that she be allowed to transfer to one of the vacant Patient Care Coordinator positions.

**ANSWER:** Defendant admits the allegations of Paragraph 77 of the Complaint.

78. Ms. VanHoosier's request to step down and transfer was denied.

**ANSWER:** Defendant admits the allegations of Paragraph 78 of the Complaint.

79.     Ms. Bullard notified Ms. VanHoosier that she was going to be on vacation and from November 6th until November 21st, 2016.

**ANSWER:** Defendant admits the allegations of Paragraph 79 of the Complaint.

80.     On November 4, 2016, Ms. VanHoosier signed her Charge of Discrimination and Retaliation and the same was filed with the EEOC's District Office in Indianapolis, Indiana  on November 14, 2016.

**ANSWER:** Defendant admits the allegations of Paragraph 80 of the Complaint.

81.     On November 15,2016, copies of Ms. VanHoosier's EEOC charge were served on Terry Wilson, the Chief Executive Officer of the Respondent and Michelle Duffy, Director of Human Resources for the Respondent via Federal Express.

**ANSWER:** Defendant admits the allegations of Paragraph 81 of the Complaint.

82.     Mr. Wilson's copy was delivered to him on November 16, 2016, and Ms. Duffy's copy was delivered to her on November 18, 2016.

**ANSWER:** Defendant admits the allegations of Paragraph 82 of the Complaint.

83.     While Ms. Bullard was on vacation from November 6 through November 21, 2016, Ms. VanHoosier continued to perform her duties competently and professionally as she had always done.

**ANSWER:** Defendant denies the allegations of Paragraph 83 of the Complaint.

84.     Ms. VanHoosier received no communications from Ms. Bullard during the time period that Ms. Bu1lard was on vacation.

**ANSWER:** Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 84 of the Complaint and, therefore, denies all allegations.

85.     On November 30,2016, at 10:00 a.m., just two (2) weeks after Ms. VanHoosier served a copy of her EEOC Charge on Franciscan, Ms. VanHoosier was called into a meeting with Ms. Bullard and Ms. Shallenberger, and was told that she was being suspended pending termination.

**ANSWER:** Defendant admits the allegations of Paragraph 85 of the Complaint.

86.     On November 30, 2016, Ms. Bullard gave Ms. VanHoosier a document entitled "Corrective Action" that was dated November 30,2016 wherein it indicated that Ms. Bullard had made the decision to suspend Ms. VanHoosier pending termination on November 15,2016- while Ms. Bullard was on vacation. Ms. VanHoosier was terminated later that same day – on November 30, 2016.

**ANSWER:** Defendant admits the allegations of Paragraph 86 of the Complaint.

87.     Subsequent to Ms. VanHoosier's termination on November 30, 2016, Franciscan replaced Ms. VanHoosier with Ivy Antonian on or about April4, 2017.

**ANSWER:** Defendant admits the allegations of Paragraph 87 of the Complaint.

88.     Ms. Antonian was, and is, paid more money than Ms. VanHoosier despite the fact that she has significantly less experience and qualifications than Ms. VanHoosier.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A).  Defendant denies the remaining allegations of Paragraph 88 of the Complaint.

89.     Additionally, Ms. Antonian did not take several weeks of leave from work to care

for herself and/or an ailing family member during and/or request reasonable accommodations in 2016.

**ANSWER:** Defendant admits that Ms. Antonian did not take several weeks of leave from work to care for herself and/or an ailing family member. Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant admits the remaining allegations of Paragraph 89 of the Complaint.

90. But for disclosing her disability, requesting reasonable accommodations, taking medical leave, requesting and taking leave under the FMLA and the ADA, and/or complaining about discrimination, Ms. VanHoosier would not have been placed on a "final written warning vs. suspension."

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 90 of the Complaint.

91. But for disclosing her disability, requesting reasonable accommodations, taking medical leave, requesting and taking leave under the FMLA and the ADA, and/or complaining about discrimination, and/or filing her Charge of Discrimination with the EEOC, Ms. VanHoosier would not have been fired by Ms. Bullard on November 30, 2016.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 91 of the Complaint.

92.     As a result of Franciscan's unlawful employment practices, Ms. VanHoosier has incurred lost wages and benefits.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 92 of the Complaint.

93.     As a result of Franciscan's unlawful employment practices, Ms. VanHoosier has suffered and continues to suffer emotional distress and mental anguish.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 93 of the Complaint.

94.     Franciscan's unlawful employment practices were intentional.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 94 of the Complaint.

95.     Franciscan's unlawful employment practices were done with malicious or reckless indifference to Ms. VanHoosier's legal rights.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 95 of the Complaint.

96.     Franciscan willfully violated Ms. VanHoosier's legal rights.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 96 of the Complaint.

97.     Ms. VanHoosier is entitled to recover reasonable attorney's fees and costs.

**ANSWER:** Defendant denies Plaintiff is entitled to any relief in this matter as alleged in Paragraph 97 of the Complaint.

## Count I

**(The Americans with Disabilities Act – Discriminatory Termination/Retaliation)**

98.     Ms. VanHoosier incorporates the allegations of paragraphs one (I) through one hundred and three (103) above.

**ANSWER:** Defendant incorporates its responses to the preceding paragraphs of the Complaint, as if fully restated in their entirety.

99.     Ms. VanHoosier suffers from mental health issues impairments and physical impairments.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A).  Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 99 of the Complaint and, therefore, denies such allegations.

100.     Franciscan knew Ms. VanHoosier had both mental health and physical health issues and impairments.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim

pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 100 of the Complaint.

101. Franciscan knowingly and intentionally discriminated against Ms. VanHoosier in violation of the ADA by terminating her employment because of disability, her record of a disability, and/or being regarded as having a disability.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 101 of the Complaint.

102. As a result of Franciscan's discriminatory practices, Ms. VanHoosier has sustained economic injury in lost earnings, lost earning potential and lost benefits.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 102 of the Complaint.

103. As a result of Franciscan's discriminatory practices, Ms. VanHoosier has sustained emotional injury and pain and suffering.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 103 of the Complaint.

**Count II**

**(The Americans with Disabilities Act – Failure to Accommodate)**

104.    Ms. VanHoosier incorporates the allegations of paragraphs one(1) through one hundred and three (103) above.

**ANSWER:** Defendant incorporates its responses to the preceding paragraphs of the Complaint, as if fully restated in their entirety.

105.    Ms. VanHoosier suffers from both mental and physical health impairments that affect one or more major life activity.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 105 of the Complaint and, therefore, denies such allegations.

106.    Franciscan knew that Ms. VanHoosier has both mental and physical health impairments.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 106 of the Complaint.

107.    Ms. VanHoosier requested reasonable accommodations from Franciscan.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 107 of the Complaint.

108.    Franciscan discriminated against Ms. VanHoosier by failing to reasonably accommodate Ms. VanHoosier.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint. As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim. In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A). Defendant denies the remaining allegations of Paragraph 108 of the Complaint.

109.  As a result of Franciscan's discriminatory practices, Ms. VanHoosier has sustained economic injury in lost earnings, lost earning potential and lost benefits.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4)(A).  Defendant denies the remaining allegations of Paragraph 109 of the Complaint.

110.  As a result of Franciscan's discriminatory practices, Ms. VanHoosier has sustained emotional injury and pain and suffering.

**ANSWER:** Defendant is filing contemporaneously herewith a Partial Motion to Dismiss Counts I and II of the Complaint.  As such, Defendant is not required to respond at this time to the factual allegations pertaining to the ADA claim.  In the event such Partial Motion to Dismiss is denied, Defendant will file an answer as to the factual allegations pertaining to the ADA claim pursuant to Trial Rule 12(a)(4((A).  Defendant denies the remaining allegations of Paragraph 110 of the Complaint.

### Count III

**(Family and Medical Leave Act – Violation of Substantive Rights/Retaliation)**

111.  Ms. VanHoosier incorporates the allegations of paragraphs one (1) through one hundred and three (103) above.

**ANSWER:** Defendant incorporates its responses to the preceding paragraphs of the Complaint, as if fully restated in their entirety.

112.  Ms. VanHoosier was eligible to take FMLA leave for her serious health condition.

**ANSWER:** Defendant admits the allegations of Paragraph 112 of the Complaint.

113.     Ms. VanHoosier took FMLA leave as a result of her serious health condition.

**ANSWER:** Defendant admits the allegations of Paragraph 113 of the Complaint.

114.     Franciscan retaliated against Ms. VanHoosier for taking leave under the FMLA by holding Ms. VanHoosier to a higher and different standard than other similarly situated employees.

**ANSWER:** Defendant denies the allegations of Paragraph 114 of the Complaint.

115.     Franciscan retaliated against Ms. VanHoosier by terminating her on November 30, 2016.

**ANSWER:** Defendant denies the allegations of Paragraph 115 of the Complaint.

## Count IV

### (Family and Medical Leave Act – Violation of Substantive Rights/Retaliation)

116.     Ms. VanHoosier incorporates the allegations of paragraphs one (1) through one hundred and three (103) above.

**ANSWER:** Defendant incorporates its responses to the preceding paragraphs of the Complaint, as if fully restated in their entirety.

117.     Ms. VanHoosier was eligible to take FMLA leave to care for her ailing mother.

**ANSWER:** Defendant admits the allegations of Paragraph 117 of the Complaint.

118.     Ms. VanHoosier took leave under the FMLA to care for her ailing mother.

**ANSWER:** Defendant admits the allegations of Paragraph 118 of the Complaint.

119.    Franciscan retaliated against Ms. VanHoosier for requesting leave under the FMLA, to care for her ailing mother, by holding Ms. VanHoosier to a higher and different standard than other similarly situated employees.

**ANSWER:** Defendant denies the allegations of Paragraph 119 of the Complaint.

120.    Franciscan retaliated against Ms. VanHoosier for requesting leave under the FMLA by terminating her on November 30, 2016.

**ANSWER:** Defendant denies the allegations of Paragraph 120 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to Plaintiff's Complaint, subject to discovery:

1.    Plaintiff has failed to state a claim upon which relief may be granted.

2.    Without conceding that Plaintiff has suffered any damages, she has failed to mitigate or minimize her damages.

3.    Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charges of Discrimination she filed with the U.S. Equal Employment Opportunity Commission, Charge Nos. 470-2017-00444 and 470-2017-01925.

4.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, to the extent they were not presented to the appropriate administrative agency in a timely fashion, and to the extent that they did not occur within the timeframes prescribed by law.

5.    All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business justifications, without regard to any disability, prior complaints, or any other protected characteristic.

6. Even if the trier of fact were to determine that discriminatory and/or retaliatory motives or reasons played any part in any employment decisions or actions regarding the Plaintiff, which Defendant denies, such decisions or actions would have been taken in any event for legitimate, non-discriminatory and non-retaliatory reasons.

7. Plaintiff's claims are barred to the extent that they are not ripe.

8. Plaintiff's claims are barred under the doctrine of estoppel and/or unclean hands.

9. Plaintiff's claims are barred under the doctrine of laches.

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff was at all relevant times an at will employee.

12. Defendant acted in good faith at all times, and had reasonable grounds for believing that any act(s) it took did not violate any applicable federal, state, or local laws.

13. Defendant denies any paragraph of Plaintiff's Complaint it did not specifically deny or admit above.

14. Defendant gives notice that it reserves the right to raise any other defenses that may become available or apparent as this case proceeds.

WHEREFORE, Defendant pray that Plaintiff takes nothing by way of the Complaint in this action and that the court enter judgment in favor of Defendant.

Respectfully submitted,

/s/ Tiaundra M. Gordon
Tiaundra M. Gordon, Atty. No. 34032-53
Amy J. Adolay, Atty. No. 23147-49
KRIEG DeVAULT LLP
12800 North Meridian Street, Ste. 300

Carmel, Indiana 46032
P: (317) 566-1110
F: (317) 636-1507

*Attorneys for Defendant, Franciscan Alliance, Inc., d/b/a Franciscan St. Elizabeth Health*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 26, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system:

Stephanie Jane Hahn
Attorney at Law
3815 River Crossing Parkway, Suite 100
Indianapolis, Indiana 46240
Attorney4workers@aol.com

/s/  Tiaundra M. Gordon

KD_9275000_3.docx