UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOYCE ANN VANHOOSIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-84 |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| d/b/a FRANCISCAN ST. ELIZABETH | ) |
| HEALTH, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Compel [DE 40] filed by the plaintiff, Joyce Ann VanHoosier, on April 12, 2019. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Joyce Ann VanHoosier, initiated this matter on October 26, 2017. VanHoosier brought this action against the defendant, Franciscan Alliance, Inc., under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, as amended, Section 102 of the Civil Rights Act of 1991, and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et. seq.*, as amended.

VanHoosier represents that in April of 2018 she propounded interrogatories and requests for production of documents on Franciscan. Franciscan did not answer all of the interrogatories and failed to produce all the documents that VanHoosier had requested. Franciscan agreed to supplement its discovery responses, and since the beginning of 2019, with majority of its supplementation occurring between March 29, 2019 and April 3, 2019, Franciscan produced

thousands of documents.  However, Franciscan has refused to produce certain documents and information.

VanHoosier has filed the instant motion requesting that the court compel Franciscan to produce the income records of Ivy Antonian, contact information for witnesses, and personnel files.  Franciscan filed a response in opposition on April 15, 2019, and VanHoosier filed a reply on April 17, 2019.  VanHoosier did not file a Local Rule 37-1 certification along with her motion.

*Discussion*

"A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action."  **N.D. Ind. L.R. 37-1(a)**.  The certification must include the date, time, and place of any conference or attempted conference and the names of any participating parties.  **N.D. Ind. L.R. 37-1(a)(1) and (2)**.  The court may deny any motion that failed to include the required certification.  **N.D. Ind. L.R. 37-1(b)**.

Although VanHoosier did not final the required certification, the court will address the underlying issues because denying VanHoosier's motion pursuant to Local Rule 37-1 will simply delay the resolution of this dispute. *See* **Felling v. Knight**, 2001 WL 1782361, at *1 (S.D. Ind. Dec. 21, 2001) ("[T]he briefs leave little doubt that the parties will not reach mutual agreement on the issues raised.  Therefore, the court will address the underlying issues rather than deny the motion solely on the basis of a procedural shortcoming.  To hold otherwise would do little other than delay resolution of these issues . . .").  Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Federal Rule of Civil Procedure 37(a)(1) and Local Rule 37-1.  **Sowell v. Dominguez,** 2011 WL 4496505, at *3 (N.D.

2

Ind. 2011); *see* **Lucas v. GC Servs. L.P.**, 226 F.R.D. 328, 335 (N.D. Ind. 2004) (finding the plaintiffs' lack of compliance not fatal when the motion reflected an effort to confer with the defendants).

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." **Chavez v. DaimlerChrysler Corp.**, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. **Borom v. Town of Merrillville**, 2009 WL 1617085, at *1 (N.D. Ind. June 8, 2009) (citing **Sanyo Laser Prods., Inc. v. Arista Records, Inc.**, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see* **Adams v. Target**, 2001 WL 987853, at *1 (S.D. Ind. July 30, 2001) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); **Shapo v. Engle**, 2001 WL 629303, at *2 (N.D. Ill. May 25, 2001) ("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)–(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." **Gregg v. Local 305 Ibew**, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009) (citing **Kodish v. Oakbrook Terrace Fire Prot. Dist.**, 235 F.R.D. 447, 449–50

(N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, at *3 (N.D. Ind. May 13, 2009) (internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Prof'l Cleaning Servs.*, 2009 WL 692224, at *5 (N.D. Ind. March 12, 2009) (internal citations omitted). The objecting party must show with specificity that the request is improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009) (citing *Graham v. Casey's Gen. Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (citing *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006)) (internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Berning v. UAW Local 2209*, 242 F.R.D. 510, 512 (N.D. Ind. 2007) (examining *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)) (internal quotations and citations omitted); *see* **Hunt v. DaVita, Inc.**, 680 F.3d 775, 780 (7th Cir. 2012) (explaining that the district court has broad discretion in supervising discovery).

    VanHoosier has requested that the court compel Franciscan to produce the following:

(a) Income records for Ivy Antonian for the latter half of 2018 and for the beginning of 2019;

(b) The addresses and telephone numbers of Franciscan employees identified as possible witnesses and in discovery responses;

(c) The personnel file of Dr. Daniel Wickert, Vice President of Medical Affairs; and

4

> (d) The personnel file of Terry Wilson, President and CEO, Franciscan Health Western Indiana.

In response to VanHoosier's request for the income records for Ivy Antonian, Franciscan asserts that it was unaware that VanHoosier was requesting income records for the latter half of 2018 and beginning of 2019. Franciscan previously had produced Antonian's income records for the years 2013 through June of 2018. However, Franciscan has no objection to producing the additional income records for the time period requested.

Next, in response to VanHoosier's request for the addresses and telephone numbers of possible witnesses, Franciscan contends that VanHoosier had not raised this issue before the filing of the instant motion. VanHoosier, in her communication dated April 11, 2019, requested the addresses and telephone numbers of those identified as witnesses. However, the instant motion was filed shortly thereafter on April 12, 2019. Franciscan asserts that it was unaware that the home addresses and telephone numbers had not been provided and/or that they were redacted in the document production. Franciscan has no objection to providing the above information.

VanHoosier has requested the personnel file of Dr. Wickert. Franciscan represents that Dr. Wickert's complete personnel file previously had been produced. Thus, Franciscan contends that it has met its obligation. To clarify, Franciscan indicated that Dr. Wickert previously was employed by Franciscan Physician Network. However, Franciscan Physician Network was not the entity the request for production of documents was directed. In VanHoosier's reply, she did not indicate that any discovery remained outstanding relating to Dr. Wickert.

Finally, VanHoosier has requested the personnel file for Terry Wilson, President and CEO of Franciscan. The court "ha[s] broad discretion to limit a request for the discovery of personnel files, in order to prevent the dissemination of personal or confidential information about employees." ***Brunker v. Schwan's Home Serv., Inc.***, 583 F.3d 1004, 1010 (7th Cir. 2009)

5

(citing ***Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.***, 328 F.3d 309, 320 (7th Cir. 2003)). The Seventh Circuit has directed the district court considering whether a personnel file should be produced to "consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truth-seeking function' in the particular case before the court." ***Brunker***, 583 F.3d at 1010 (quoting ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th Cir. 2002)).

VanHoosier has argued that she is entitled to the personnel file of Wilson because Franciscan, in an interrogatory response, stated that Wilson made or was otherwise involved in the decision to place VanHoosier on final written warning. Wilson attests that his personal knowledge of the facts relating to disciplinary action and/or the termination of VanHoosier is extremely limited. (Wilson Aff. ¶ 6). Specifically, he indicated that he does not recall being part of the decision to place VanHoosier on final written warning, nor was he involved in the decision to terminate her employment. (Wilson Aff. ¶¶ 6, 7). Franciscan contends that Wilson did not issue, sign, or meet with VanHoosier regarding the final written warning that was issued to her.

The court recognizes that while there is a legitimate general privacy interest in one's personnel file that interest is not absolute. However, because Wilson was not involved in the employment decisions at issue, his personnel file is not relevant. Accordingly, Franciscan is not required to produce the personnel file of Terry Wilson.

VanHoosier has requested reasonable attorney's fees for having to file the motion to compel. **Federal Rule of Civil Procedure 37(a)(5)(A)** generally requires the award of expenses, including attorney's fees, incurred in making a successful motion to compel or if the disclosure or requested discovery is provided after the motion was filed. VanHoosier has attached, as exhibits, email communications relating to this discovery dispute. Specifically,

counsel for VanHoosier sent an email to counsel for Franciscan on April 11, 2019. In the email, counsel requested income records for Ivy Antonian. However, she did not specify the time period for the income records that she was seeking. She also requested the basic contact information for individuals identified as witnesses. The motion to compel was filed shortly thereafter on April 12, 2019, before attempting in good faith to obtain the discovery. Accordingly, the court finds that attorney's fees are not justified and VanHoosier's request for fees is denied.

Based on the foregoing reasons, the Motion to Compel [DE 40] is **DENIED.**

ENTERED this 6th day of May, 2019.

/s/ Andrew P. Rodovich
United States Magistrate Judge